PATIN, Judge Pro Tem.
National Union Fire Insurance Company (National Union) brought a concursus proceeding, to determine entitlement to a sum of money for which it was cast in judgment. It impleaded defendants, Adrain Lacour and the law firm of Führer, Flour-noy, Hunter & Morton (Führer, Flournoy), appellees in this matter, and Central Louisiana Bank & Trust Company (CLB), appellant.
Führer, Flournoy filed an answer on behalf of itself and Mr. Lacour. CLB filed exceptions of lis pendens and lack of venue and both were overruled. CLB then took writs and the Third Circuit Court of Appeal affirmed the lower court’s decision. CLB then filed its answer but the trial court ruled it untimely and, after a hearing, granted Führer, Flournoy judgment on the pleadings. CLB filed a devolutive appeal asserting two assignments of error:
1) the trial court erred in denying the exception of lack of venue;
2) the trial court erred in finding that CLB did not file a timely answer.
CLB obtained a judgment against Adrain Lacour in the 12th Judicial District Court, on November 22, 1988. Pursuant to that judgment, CLB caused a Writ of Fieri Faci-as to issue, ordering the seizure of Mr. Lacour’s interest in a suit in which he was a plaintiff. Mr. Lacour was represented in his suit by Mr. Leonard Führer, of Führer, Flournoy.
On July 5, 1989, Mr. Lacour obtained judgment against National Union in the principal amount of $10,000.00. Because of the conflicting claims, National Union attempted to effect a compromise between the claimants. No agreement was reached and National Union initiated the concursus proceedings on December 12, 1989.
Führer, Flournoy filed an answer on behalf of itself and its client alleging entitlement to the money based on an attorney’s lien. CLB failed to file an answer within *624 the 15 day delay and Puhrer, Flournoy obtained a preliminary default on January 5, 1990. On January 9, 1990, a motion to extend the delay for answering the petition was filed by Führer, Flournoy and the trial court granted three additional days within which CLB was to file an answer.
On the third day, CLB filed its exceptions of lis pendens and lack of venue. The trial court denied the exceptions. CLB requested writs on February 21, 1990 and the trial court ordered the writs filed and issued a stay of the trial court proceedings until disposition by the appellate court.
The Third Circuit Court of Appeal upheld the trial court’s decision and denied writs on April 9, 1990. CBL filed its answer on April 20, 1990. The trial court ruled that the answer was untimely filed. On April 30, 1990, the trial court heard Führer, Flournoy’s motion for judgment on the pleadings. It took the matter under advisement and rendered judgment in favor of Führer, Flournoy on July 20, 1990.
The first assignment of error asserted by the appellant is that the trial court erred in overruling its exception of venue. This question was previously entertained by this court and disposed of on April 9, 1990. We find no reason to re-address it. This assignment is without merit.
The second assignment of error is that the trial court improperly ruled that CLB had not filed a timely answer.
Under La.Code Civ.P. art. 4655, the delay for answering a concursus proceeding is as it would be for an ordinary proceeding, fifteen days. Appellants failed to meet that deadline. Under La.Code Civ.P. art. 4657, the trial court can grant an extension upon motion of any party, setting a deadline within which an answer must be filed. Failure to file an answer within the deadline precludes it from thereafter filing an answer or asserting a claim.
The trial court granted an additional three days. The appellant did not answer within that time, filing exceptions instead, on the last day. The exceptions were denied and the appellant again failed to file an answer, taking writs instead, five days later. Finally, after the writs were disposed of by the appellate court, the appellant waited an additional eleven days and then filed an answer.
The appellant had ample opportunity to file its answer and failed to do so until after every delay had run. The trial court properly denied the answer. We affirm.
Appellant will pay all costs of this appeal.
AFFIRMED.